## YAZOO & M. V. R. Co. *v.* FULGHAM.

[74 Sooth. 290, Division B.]

RAILROADS. *Injury to animals on track. Instructions.*

> In a suit against a railroad company for killing plaintiff's cow, an instruction to the jury that if they believe from the evidence, defendant's locomotive had been equipped with electric headlights as required by Laws 1912, chapter 153, plaintiff's cow would not have been struck and killed, then the jury must find for plaintiff in such sum as said cow was reasonably worth on the market in the neighborhood of the killing, not to exceed the sum sued for, was proper, there being evidence to support such an instruction.

APPEAL from the circuit court of Hinds county.
HON. W. H. POTTER, Judge.

Suit by E. J. Fulgham against the Yazoo & Mississippi Valley railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Mayes, Wells, May & Sanders,* for appellant.

The court erred in giving the peremptory instruction to the jury to find for the plaintiff as to the cow killed on February 22, 1915, for more reasons than one. In the recent case of *Y. & M. V. R. R. Co.* v. *Jones,* decided by the court April 13, 1916, and reported in 71 So. 309, the court speaking through COOK, P. J., said: "The defendant

showed how and under just what circumstances the mules were injured by the running train. It appears the engine man did everything possible to avoid striking the animals after he saw them. We can find nothing in the testimony of plaintiff's witnesses in conflict with the testimony of the engineman. We may admit all that the plaintiff's evidence tends to prove, and yet we are unable to see wherein the defendant's witnesses are contradicted. It stands undisputed that the train crew were not negligent when they discovered the mules on the track. There is no obligation on the servants of the company to keep a lookout for trespassing stock.''

As in that case, so here the defendant showed just how and under what circumstances the cow was killed on February 22, 1916. There is nothing in plaintiff's testimony in contradiction of the engineer and fireman as to the material facts and as to the killing of the cow, the court below should have granted the peremptory instruction to find for the defendant. But the court below refused to grant such an instruction, but did grant an instruction to find for plaintiff if the jury believed the engine was not equipped with an electric headlight.

The case of *I. C. R. R. Co.* v. *Calhoun*, 68 So. 433, was a case very similar in its facts to the case at bar, and in that case the plaintiff relied upon the proof of the facts that the engine was not equipped with an electric headlight, as provided by Laws 1912, chapter 153. The court said: ''Counsel for appellee rely upon the negligence of the railroad company in its failure to comply with the statute (chapter 153, Laws of Mississippi 1912) requiring all railroad companies to equip and maintain each locomotive running on its main lines, with an electric headlight which shall consume not less than three hundred watts at the arc as with a reflector not less than eighteen inches in diameter, etc., and making the violation of the statute a misdemeanor. The engineer says, however, that the mule was so close to the engine when it first appeared on the track that no material effort could be made to stop

the train or prevent the accident; that he did not see the mule before it got on the track; that it appeared 'to come from the west,' etc. The only eyewitness is the engineer in charge of the train. He alone states the facts'' and circumstances of the collision; and in the language of Campbell, J., in *Y. & M. V. R. R. Co.* v. *Smith,* 68 Miss. 359, 8 So. 508, "either the engineer testified falsely or there was no blame as to the death of the animal.'' There is nothing to suggest a doubt as to the truthfulness of the engineer's account and there was nothing for the jury to pass on. There is shown no casual connection between the failure of the railroad company to have an electric headlight on this occasion and the injury complained of, citing, *R. R. Co.* v. *Smith, supra; Beasley* v. *R. R. Co.,* 91 Miss. 268; *R. R. Co.* v. *Fraizier,* 104 Miss. 372.

Inasmuch as the facts and circumstances of the killing of the cow in February, 1915, were shown fully by the testimony of the engineer, who testified fully as to all of the circumstances of the killing, the *prima-facie* statute, under the well-settled rule, does not apply and it was not necessary for the railroad company to acquit itself of any burden laid upon it by that statute. Under such circumsances the common-law rule applied, as this court held in the Daniel case and other cases subsequently and recently decided by this court.

In that condition of the case the obligation of the jury was to try the case on the facts in evidence. There was no obligation on the defendant to keep a lookout for trespassing stock as decided by this court in the case of *Y. & M. V. R. R. Co.* v. *Jones,* 71 So. 309.

*W. Calvin Wells,* for appellee.

The two cases cited in brief of counsel for appellant have no application in the world to this case, the case at bar. The cases referred to being the *Y. & M. V. Railroad Company* v. *Jones,* 71 So. 309; and *Illinois Central Railroad Company* v. *Calhoun,* 68 So. 443.

On the other proposition raised in brief of counsel for appellant we quote from brief of counsel for appellant as follows:

"As to one of the animals, to wit, the cow which was killed on February 22, 1916, the court gave what was equivalent to a peremptory instruction to find for the plaintiff. It was shown by the evidence that the engine was not equipped with an electric headlight, and the jury were instructed that if they believed this to be true they should find for plaintiff as to that animal."

Counsel does not favor us by quoting the instruction, but as the only instruction we had on that subject is that one marked in the record by us in pencil as: Instruction E. found on page 72. We have and now quote it in this brief for the convenience of the court:

"The court instructs the jury for the plaintiff that if they believe from the evidence that on the occasion of the admitted killing of the cow on February 22, 1915, the defendant company failed to have its engine equipped with an electric headlight which would not consume less than three hundred watts at the arc, and that as a proximate result of such failure said cow was killed by the defendant, then the jury must find for the plaintiff as to this item of his suit in such sum as the said cow was reasonably worth on the marked in the neighborhood of the killing, not to exceed the sum claimed, to wit, one hundred dollars.

It will be seen, of course, by the court in this instance that this was no sort of a peremptory instruction whatsoever, but that it was necessary for the jury under that instruction, to believe from the evidence that if the engine had been equipped with an electric headlight of the dimensions prescribed by the statutes, that the cow would have been seen by the engineer or fireman on the track sooner than it was, or on the edge of the track sooner than it was, so that the engine could have been stopped before striking the animal.

There was abundant testimony for that instruction in the testimony of both the engineer and the fireman.

In view therefore, of the facts shown by this record, about which there can be no dispute, we submit to the court that the case of *Y. & M. V. Railroad Company* v. *Smith,* 68 Miss. 369; and of *Beasley* v. *Railroad Company,* 91 Miss. 268; and of *Railroad Company* v. *Frazier,* 104 Miss. 272, have no application in the world. On the contrary, the doctrines laid down therein show clearly that under the facts and circumstances in this case, they are positive authority for us upholding the propriety of the ruling of the circuit judge and of the correctness of the instructions given by him.

On the other hand, the case in point showing that peremptory instructions for the defendant should not be given, is the case of *Dickerson et al.* v. *Y. & M. V. Railroad Co.,* 71 So. 312.

Etheridge, J., delivered the opinion of the court.

The appellee sued the appellant in the justice of the peace court for the injury of cattle killed by the trains of the appellant. One of the killings occurred on the 29th of November, 1915, when a red heifer was killed by the south-bound train, and the other occurred on the 22d of February, 1915, in which one dun-colored cow, about three and one-half years old, was killed by the north-bound train of the appellant. The injury to one of the cattle, testified to by eyewitnesses, was that the heifer was on the track in plain view, in open daylight, and the train struck and killed her without checking its speed or making any effort, apparently, to stop, and without blowing the whistle or making proper effort to frighten the animal off the track. The cow killed by the north-bound train was killed at night, and appellant's train was being operated at about twenty-five miles an hour, and was using a coal oil headlight. It appears from the engineer's testimony that he first saw the cow about to go upon the track, and that under that situation

he could not stop the train in time to prevent the injury, but that he slowed his train down, applied the brakes, etc. There was evidence for the plaintiff to sustain its case, and that the cow went some distance ahead of the train up the track, before being struck. It does not appear from the testimony of appellant that the engineer would not have seen the cow in time to stop if he had an electric headlight as required by chapter 153, Laws 1912. It may have been, and we think the jury could infer from the testimony, that the injury could have been prevented if there had been a stronger headlight on the train. The court gave for the plaintiff instruction E, as follows:

"The court instructs the jury for the plaintiff that if they believe from the evidence that on the occasion of the admitted killing of the cow on February 22, 1915, the defendant company failed to have its engine equipped with an electric headlight which would consume not less than three hundred watts at the arc, and that as a proximate result of such failure said cow was killed by the defendant, then the jury must find for the plaintiff as to this item of his suit in such sum as the said cow was reasonably worth on the market in the neighborhood of the killing, not to exceed the sum claimed, to wit, one hundred dollars."

And this is complained of, among other things.

We think it was proper for the jury to have this instruction, and looking at the entire record we believe there was no error committed.

*Affirmed.*